UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE MINOR, | ) | CASE No.: 5:14CV304 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| KIMBERLY CLIPPER, Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On February 10, 2014, Petitioner Terrence Minor ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  ECF Dkt. #1.  Respondent Kimberly Clipper ("Respondent") filed a return of writ on April 17, 2015.[2]  ECF Dkt. #12.  Petitioner filed a traverse to the return of writ on December 21, 2015.  ECF Dkt. #18.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

**I.**  **SYNOPSIS OF THE FACTS**

The Ninth District Court of Appeals set forth the facts of this case on direct appeal.  These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Warren v.*

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

[2]Kimberly Clipper is the Warden of Lorain Correctional Institution.

1

*Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 527 U.S. 1040 (1999).  As set forth by the

Ninth District Court of Appeals, the facts are:

> On September 18, 2011 Demetrion Wilson was shot and killed at a home on Day Street in Akron.  That afternoon, Demetrion was at the house with his brother, Dominique, his cousins, Tionna and Amar, and a friend, Brandon.  While the group was relaxing on the front porch, two cars pulled up in front of the house.
>
> [Petitioner] was driving the first car, and, according to some testimony, was accompanied by two unknown men.  Desirae Wilson and at least two other women were in the second car.  Desirae is [Petitioner's] girlfriend and Demetrion and Dominique's sister.  According to the group on the porch, [Petitioner] and Desirae were looking for a fight.  While Demetrion, Desirae, and Dominique were arguing, [Petitioner] returned to his car.  As Demetrion and Dominique were walking towards [Petitioner], he retrieved a loaded gun from under the driver's seat, cocked the gun, stood on the floorboard of the car, and fired the gun over the top of the car, towards Demetrion and Dominique.  At least three shots were fired before [Petititoner], Desirae, and their companions returned to the car and fled the scene.
>
> Demetrion, Dominique, Amar, and Brandon fled on foot during the gunfire, but returned as soon as the cars left.  Demetrion, having been shot in the chest, collapsed on his way back to the house.

ECF Dkt. #12-1 at 65-66.

## II.    PROCEDURAL HISTORY

On October 7, 2011, a Summit County Grand Jury issued an indictment charging Petitioner

with: one count of aggravated murder, in violation Ohio Revised Code ("O.R.C.") § 2903.01(A),

with a firearm specification, in violation of O.R.C. § 2941.145; one count of murder, in violation

of O.R.C. § 2903.02(A), with a firearm specification in violation of O.R.C. § 2941.145; and one

count of having weapons while under disability, in violation of O.R.C. § 2923.14.  ECF Dkt. #12-1

at 3.  Petitioner, through counsel, pleaded not guilty to all charges contained in the indictment.  *Id.*

at 6.  Petitioner partially retracted his plea of not guilty on February 1, 2012, and entered a guilty

plea as to the count of having a weapon while under disability.  *Id.* at 7.  A trial was held on the

remaining counts.  On February 10, 2012, the trial court filed a journal entry indicating that the jury had returned a unanimous verdict finding Petitioner guilty of the crimes of aggravated murder and murder, both with firearm specifications.  *Id.* at 8.  On March 9, 2012, the trial court sentenced Petitioner to: life in prison with the possibility of parole after twenty-five years on one count of aggravated murder, with a mandatory three-year sentence for the firearm specification; fifteen years to life in prison on one count of murder, with a mandatory three-year sentence for the firearm specification; and twelve months on one count of having weapons while under disability.  *Id.* at 10-11.  The murder charge, along with both firearm specifications, were merged with the sentence for aggravated murder.  *Id.*  The trial court ordered that the post-merger three-year mandatory sentence for the firearm specification was to be served consecutively and prior to the sentence imposed for the aggravated murder and having a weapon under disability charges.  *Id.* at 11.  The sentences imposed for aggravated murder and having a weapon under disability were ordered to be served consecutively and not concurrently with one another.  *Id.*

Petitioner, through counsel, filed a timely appeal and a brief in support of his appeal in the Ninth District Court of Appeals on March 27, 2012, raising the following assignment of error:

1. The evidence was insufficient, as a matter of law, to convict [Petitioner] of homicide with regard to Demetrious Wilson and the prosecution did not meet its required burden of persuasion by the manifest weight of the evidence to show that, as a matter of law, [Petitioner] was responsible for the death of Demetrious Wilson.

ECF Dkt. #12-1 at 17.  On July 25, 2012, Petitioner filed a supplement to his brief in support of his appeal.  *Id.* at 31.  The State filed a brief in response, and Petitioner filed a reply to the State's response.  *Id.* at 35, 57.  On February 20, 2013, the Ninth District Court of Appeals overruled Petitioner's assignment of error and affirmed the judgment of the trial court.  *Id.* at 65.

3

On May 14, 2013, Petitioner, acting *pro se*, filed an application to reopen his direct appeal. ECF Dkt. #12-1 at 75.  Petitioner asserted the following assignments of error:

    1.      Prosecutorial misconduct due to prosecutor eliciting testimony from detective concerning [Petitioner's] past, and the fact that he had a "disability" and would be in violation of the weapons under disability law.  This improper questioning violated [Petitioner's] 5th amendment right to a fair trial by impartial jury.

    2.      The Court abused its discretion by allowing testimony of [Petitioner's] past to be elicited from state's witness and not giving a curative instruction.  And trial counsel was ineffective for failing to object to this line of questioning or asking for a mistrial or curative instruction. [sic]

*Id.* at 77-79.  On July 8, 2013, the Ninth District Court of Appeals denied Petitioner's application to reopen his direct appeal, stating that Petitioner failed to show that, but for his counsel's representation, there was a reasonable probability that he would have been successful on appeal. *Id.* at 85.

Petitioner filed a notice of appeal and motion for leave to file a delayed appeal in the Supreme Court of Ohio on November 20, 2013.  ECF Dkt. #12-1 at 86, 88.  On January 22, 2014, the Supreme Court of Ohio denied Petitioner's motion for a delayed appeal and dismissed the case. *Id.* at 106.

On February 3, 2014, Petitioner filed a motion for leave to file a delayed application for reconsideration in the Ninth District Court of Appeals.  ECF Dkt. #12-1 at 107.  In his motion for leave to file a delayed application for reconsideration, Petitioner raised the following assignment of error:

    1.      [Petitioner] was denied due process as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution as his convictions for aggravated murder and murder are not supported by sufficient evidence as a matter of law.

4

*Id.* at 112. The Ninth District Court of Appeals denied Petitioner's motion for leave to file a delayed application for reconsideration on the grounds that it was not timely filed and because Petitioner "failed to show extraordinary circumstances for granting an enlargement of time to file an application to reconsider." *Id.* at 187.

On April 7, 2014, Petitioner timely appealed the decision of the Ninth District Court of Appeals to the Supreme Court of Ohio. ECF Dkt. #12-1 at 188. That same day, Petitioner filed a motion for leave to file a discretionary appeal. *Id.* at 191. The State filed a waiver of memorandum in response. *Id.* at 200. The Supreme Court of Ohio declined jurisdiction on June 11, 2014. *Id.* at 201.

**III.** **28 U.S.C. § 2254**

On February 10, 2014, Petitioner filed the instant petition for a writ of federal habeas corpus. ECF Dkt. #1. In his habeas petition, Petitioner asserts the following grounds for relief:

GROUND ONE: Insufficiency of the evidence.

Supporting Facts: The evidence that the presented was insufficient to convict of aggravated murder and murder beyond a reasonable doubt.

GROUND TWO: Verdict against the weight of the evidence.

Supporting Facts: State brought forth family members of the deceased who were bias untruthful conflicting contradictory.

GROUND THREE: Ineffective assistance of appellate counsel.

Supporting Facts: Appellate counsel failed to challenge the credibility of witnesses or challenge the elements of the charges or raise other issues.

GROUND FOUR: Trial court erred.

Supporting Facts: For failing to give voluntary manslaughter instruction to the jury. [sic]

5

ECF Dkt. #1 at 5-10.  Petitioner later filed a motion to amend his habeas petition to include two additional grounds for relief.  ECF Dkt. #14.  This motion was granted, and the two following assignments of error were added:

> GROUND FIVE: Ineffective assistance of appellate counsel.
>
> Supporting Facts: For failure to bring [Petitioner] aware of when the record was filed with appellate court thus starting 180 day period to file post conviction petitioner.
>
> GROUND SIX: Ineffective assistance of appellate counsel.
>
> Supporting Facts: For failure to inform Petitioner that all issues of ineffective assistance of trial counsel must be raised within a post conviction petition because trial counsel and appellate counsel was the same. [sic]

ECF Dkt. #14.[3]  Respondent filed a return of writ on April 17, 2015.  ECF Dkt. #12.  On December 21, 2015, Petitioner filed a traverse to Respondent's return of writ.  ECF Dkt. #18.

## IV.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

---

[3]Petitioner does not label the two grounds for relief contained in his motion to amend his habeas petition as Grounds for Relief Five and Six.  *See* ECF Dkt. #14.  For the purposes of clarity, the two claims contained in Petitioner's motion to amend his habeas petition will be referred to herein as Grounds for Relief Five and Six.

### A.      Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).  28 U.S.C. § 2244(d) provides, in part:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

   (B)     the date on which the impediment to filing created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual precedent of the claim or claims presented could have been exercised through the exercise of diligence.

### B.      Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not

7

"fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681

(citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims

to the state courts, the petitioner must have given the highest court in the state in which he was

convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878,

881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to

the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon

state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional

law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4)

alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*,

375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see*

*also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).  In

*Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with

a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the
> writ and remanded the case to the district court so that it could do one of four things:
> (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274; (2) stay the
> petition and hold it in abeyance while the petitioner returns to state court to raise his
> unexhausted claims, *id*. at 275; (3) permit the petitioner to dismiss the unexhausted
> claims and proceed with the exhausted claims, *id.* at 278; or (4) ignore the exhaustion
> requirement altogether and deny the petition on the merits if none of the petitioner's
> claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32  (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the

burden . . . of showing that other available remedies have been exhausted or that circumstances of

peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other*

*grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never

8

before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.     Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).   In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).  Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its

9

decision to reject review of the prisoner's federal claims.  *Coleman,* 501 U.S. at 729-30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises).  Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d at 313-14.  Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

10

## V.    STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

11

529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.      Decisions of lower federal courts may not be considered.

B.      Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.      The state court decision may be overturned only if:

    1.      it '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

    2.      the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

    3.      'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

    4.      the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.      Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's

12

application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.      Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice."  *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, not to mixed questions of law and fact.  *Levine*, 986 F.2d at 1514.  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility."  *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the

13

burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI.     ANALYSIS

### A.     Grounds for Relief One, Two, and Three

Respondent argues that Petitioner has procedurally defaulted on Grounds for Relief One, Two, and Three. ECF Dkt. #12 at 11-13. As for Grounds for Relief One and Two, Respondent contends that Petitioner failed to file a timely appeal in the Supreme Court of Ohio following the February 20, 2013 decision of the Ninth District Court of Appeals affirming the trial court's judgment. *Id.* at 11-12. Respondent asserts that Petitioner did not file an appeal in the Supreme Court of Ohio until November 20, 2013, well after the period allowed for appeal. *Id.* at 12. According to Respondent, these claims were procedurally defaulted and waived for the purposes of federal habeas relief when the Supreme Court of Ohio denied Petitioner's attempt to present the claims months after the period for a timely appeal had lapsed. *Id.* Continuing, Respondent argues that Ground for Relief Three has been procedurally defaulted because the Ohio Appellate Rule 26(B) procedure is a collateral action, not part of a direct appeal, and thus a delayed appeal to the Supreme Court of Ohio is not permitted. *Id.* at 13. Therefore, according to Respondent, Petitioner has no means to return to the Supreme Court of Ohio in order to attempt to cure this defect. *Id.*

Petitioner does not argue that Grounds for Relief One, Two, and Three have not been procedurally defaulted, but instead asserts that he is able to show cause for the procedural default of Grounds for Relief One, Two, and Three, as well as actual prejudice resulting from the alleged constitutional error. ECF Dkt. #18 at 3-6. As to cause, Petitioner asserts that he attempted to file his appeal to the Supreme Court of Ohio on April 1, 2013, before the April 6, 2013 due date, by

14

submitting his appeal to the mail staff of the prison where he was incarcerated.  *Id.* at 5.  However, according to Petitioner, the prison's postage meter was broken at the time he submitted his appeal for mailing, resulting in the clerk's office of the Supreme Court of Ohio returning his appeal via mail on or about April 15, 2013 due to the prison's mail staff delaying sending the appeal.  *Id.* at 5. Petitioner contends that once he was able to file his appeal, the Supreme Court of Ohio declined to accept jurisdiction due to the untimely nature of the appeal, which resulted from the appeal not originally being mailed when Petitioner turned it over to the prison's mail staff.  *Id.*  Continuing, Petitioner asserts that prejudice exists since the Supreme Court of Ohio refused to accept his appeal and because Respondent now argues that Petitioner has procedurally defaulted these claims instead of addressing the merits of said claims.  *Id.* at 5-6.

Petitioner's arguments fail.  According to Petitioner, the prison's mail staff failed to mail his appeal in a timely manner, resulting in the appeal being returned to him by the Supreme Court of Ohio on or about April 15, 2013 for failure to meet the filing deadline.  ECF Dkt. #18 at 5. Petitioner wholly fails to explain why he waited over seven months, until November 20, 2013, to refile his appeal after receiving notice that his appeal had not been accepted by the Supreme Court of Ohio for failing to meet the filing deadline.  *See* ECF Dkt. #12-1 at 88.  While it may be the case that an error on behalf of the prison's mail staff, or their inability to send the appeal due to technical difficulties, resulting in the rejection of an otherwise timely appeal could constitute a showing of cause for a procedural default, the facts, as indicated by Petitioner, present a much longer period of time during which Petitioner failed to perfect his appeal than can be explained by the prison's postage meter temporarily malfunctioning.

15

Petitioner was made aware that his appeal to the Supreme Court of Ohio had been rejected on or around April 15, 2013.  ECF Dkt. #12 at 5.  Instead of acting in a timely manner to resolve the issue, Petitioner waited over seven months before attempting to bring his appeal before the Supreme Court of Ohio.  Further, even if Petitioner were to argue that he did not attempt to file an appeal to the Supreme Court of Ohio due to his pending application for reopening, which he does not, the application for reopening was only pending from May 14, 2013 through July 8, 2013, and was denied four months before Petitioner filed his appeal to the Supreme Court of Ohio.  ECF Dkt. #12-1 at 75, 83.  Petitioner offers no explanation as to why the Court should find cause for his failure to timely file his appeal in the Supreme Court of Ohio other than an error by the prison's mail staff, which, as discussed above, hardly explains the subsequent seven-month period during which Petitioner could have filed his appeal.  Accordingly, Petitioner fails to show why the Court should find cause for his failure to timely perfect his appeal to the Supreme Court of Ohio.

Further, Petitioner has failed to show actual prejudice resulting from his procedural default.  Petitioner first argues that prejudice exists because the Supreme Court of Ohio refused to accept his untimely appeal.  ECF Dkt. #18 at 5.  Continuing, Petitioner asserts that he is further prejudiced because Respondent is now arguing that he procedurally defaulted his claims instead of addressing the merits.  Petitioner's arguments as to prejudice are without merit.  First, as discussed above, Petitioner made no effort to explain his failure to timely file his appeal once he was aware that it had been returned by the Supreme Court of Ohio on April 15, 2013, instead waiting until November 20, 2013 to file an appeal.  Second, Petitioner cites no authority for the assertion that Respondent is not free to argue that Petitioner has procedurally defaulted his claims without addressing the merits.

16

Petitioner has failed to show that Grounds for Relief One, Two, and Three have not been procedurally defaulted, and has not shown cause or prejudice to excuse the default.

**B.      Grounds for Relief Four, Five, and Six**

Respondent argues that Petitioner never presented Ground for Relief Four to the state courts and therefore has procedurally defaulted this claim. Petitioner does not argue that Ground for Relief Four was ever raised before the state courts or that it has not been procedurally defaulted.  A review of the state court record confirms Respondents argument that Petitioner never presented Ground for Relief Four to the state courts.  *See* ECF Dkt. #12-1 at 17, 77-79, 112, 188-97.

Petitioner filed his motion to amend his habeas petition on June 30, 2015.  ECF Dkt. #14. Although Petitioner's motion to amend his habeas petition was filed after Respondent's return of writ, the undersigned granted Petitioner's motion to amend his habeas petition out of deference to Petitioner as he is acting *pro se*.  As for Grounds for Relief Five and Six, as stated in Petitioner's motion to amend his habeas petition, a review of the record demonstrates that neither Ground for Relief Five nor Six was raised before the state courts.  *See* ECF Dkt. #12-1 at 17, 77-79, 112, 188-97. Further, Petitioner makes no argument as to how these grounds for relief were raised before the state courts.

As stated above, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell,* 301 F.Supp.2d at 722.  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent

of the crime for which he was convicted.  *Coleman*, 501 U.S. at 748.   Petitioner never presented

Grounds for Relief Four, Five, or Six to the state court and makes no effort to show cause to excuse

his failure to present the claims or to demonstrate actual prejudice.  *See* ECF Dkt. #12-1 at 17, 77-

79, 112, 188-97.  Likewise, Petitioner does not argue that he is actually innocent.  Accordingly,

Petitioner has failed to exhaust Grounds for Relief Four, Five, and Six, and thus these claims are not

cognizable on federal habeas review.

## VII.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS

Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice because

Grounds for Relief One, Two, and Three have been procedurally defaulted and Petitioner has failed

to exhaust Grounds for Relief Four, Five, and Six.


DATE: June 16, 2016                              */s/  George J. Limbert*
                                                 GEORGE J. LIMBERT
                                                 UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of
Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file
objections within the specified time WAIVES the right to appeal the Magistrate Judge's
recommendation. L.R. 72.3(b).