**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TERRENCE MINOR,** | ) | **CASE NO. 5:14CV304** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **KIMBERLY CLIPPER, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter comes before the Court on Petitioner Terrence Minor's Petition under

28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).

For the following reasons, the Court accepts and adopts the Magistrate Judge's Report

and Recommendation and dismisses Petitioner's Petition.

## <u>FACTS</u>

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's

Report and Recommendation, adopted and incorporated, provides a more complete and

detailed discussion of the facts.

1

On October 7, 2011, the Summit County Grand Jury charged Petitioner with one count of Aggravated Murder with a Firearm Specification, one count of Murder with a Firearm Specification and one count of Having a Weapon While Under Disability. Petitioner entered a guilty plea to Having a Weapon While Under Disability and a trial was held on the remaining counts.  On February 10, 2012, the jury found Petitioner guilty of Aggravated Murder and Murder, both with Firearm Specifications.

On March 9, 2012, the trial court sentenced Petitioner to life in prison with the possibility of parole after twenty-five years on Aggravated Murder with a mandatory three-year sentence for the Firearm Specification; fifteen years to life in prison on Murder with a mandatory three-year sentence for the Firearm Specification and twelve months on Having a Weapon While Under Disability.  The Murder charge and both Firearm Specifications were merged with the sentence for Aggravated Murder.  The trial court ordered that the post-merger three-year mandatory sentence for the Firearm Specification was to be served consecutively and prior to the sentence imposed for the Aggravated Murder and Having a Weapon While Under Disability charges.  The sentences imposed for Aggravated Murder and Having a Weapon While Under Disability were ordered to be served consecutively.

On March 27, 2012, Petitioner filed a Notice of Appeal with the Court of Appeals for the Ninth Appellate District.  On February 20, 2013, the Court of Appeals affirmed Petitioner's conviction.  On May 14, 2013, Petitioner filed an Application to Reopen his Direct Appeal.  On July 8, 2013, the Ninth District Court of Appeals denied Petitioner's Application to Reopen.  Petitioner filed a Notice of Appeal and Motion for Leave to File a Delayed Appeal in the Supreme Court of Ohio on November 20, 2013.  On January 22,

2014, the Supreme Court of Ohio denied Petitioner's Motion for a Delayed Appeal and dismissed the case.  On February 3, 2014, Petitioner filed a Motion for Leave to File a Delayed Application for Reconsideration in the Ninth District Court of Appeals.  The Ninth District Court of Appeals denied Petitioner's Motion for Leave to File a Delayed Application for Reconsideration.  On April 7, 2014, Petitioner timely appealed the decision of the Ninth District Court of Appeals to the Supreme Court of Ohio.  That same day, Petitioner filed a Motion for Leave to File a Discretionary Appeal.  The Supreme Court of Ohio declined jurisdiction on June 11, 2014.

Petitioner filed the instant Petition on February 10, 2014, asserting the following grounds for relief:

**GROUND ONE:** Insufficiency of the evidence.

**GROUND TWO:** Verdict against the weight of the evidence.

**GROUND THREE:** Ineffective assistance of appellate counsel.

**GROUND FOUR:** Trial court erred.

Petitioner later amended his Petition to add the following two grounds:

**GROUND FIVE:** Ineffective assistance of appellate counsel.

**GROUND SIX:** Ineffective assistance of appellate counsel.

On January 5, 2015,  this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on June 16, 2016.  On December 27, 2016,  Petitioner filed his Reply to Recommendation.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28

U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was

contrary to, or involved an unreasonable application of, clearly established federal law

as determined by the Supreme Court of the United States."  Further, a federal court may

grant habeas relief if the state court arrives at a decision opposite to that reached by the

Supreme Court of the United States on a question of law, or if the state court decides a

case differently than did the Supreme Court on a set of materially indistinguishable

facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  The appropriate measure of

whether or not a state court decision unreasonably applied clearly established federal

law is whether that state adjudication was "objectively unreasonable" and not merely

erroneous or incorrect.  *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are

presumed correct, rebuttable only by clear and convincing evidence to the contrary.

*McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules

Governing §2254 states:

> A judge of the court shall make a *de novo* determination of
> those portions of the report or specified proposed findings or
> recommendations to which objection is made.  A judge of the
> court may accept, reject, or modify in whole or in part any
> findings or recommendations made by the magistrate.

## ANALYSIS

This case is governed by the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337

(1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Respondent asserts that Petitioner has procedurally defaulted Grounds One, Two and Three.  The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  As to Grounds One and Two, the Court agrees with the Magistrate Judge that Petitioner failed to file a timely appeal in the Supreme Court of Ohio following the February 20, 2013 decision of the Ninth District Court of Appeals affirming the trial court's judgment.  The

Magistrate Judge points out that Petitioner did not file an appeal in the Supreme Court of Ohio until November 20, 2013, well after the period allowed for appeal.  As to Ground Three, the Magistrate Judge concluded that this ground has been procedurally defaulted because the Ohio Appellate Rule 26(B) procedure is a collateral action, not part of a direct appeal, and thus a delayed appeal to the Supreme Court of Ohio is not permitted.

Petitioner argues that he can show cause for the procedural default as well as actual prejudice resulting from the constitutional error.  However, Petitioner fails to explain why the broken postage meter at the prison resulted in a seven month delay to file his Appeal in the Supreme Court of Ohio.  The Magistrate Judge points out that Petitioner was made aware that his Appeal to the Supreme Court of Ohio had been rejected on or around April 15, 2013.  Petitioner then waited over seven months before attempting to bring his Appeal again.  The Court agrees with the Magistrate Judge that Petitioner fails to show why the Court should find cause for his failure to timely perfect his Appeal to the Supreme Court of Ohio.

The Magistrate Judge further concluded that Petitioner has failed to show actual prejudice resulting from his procedural default.  Petitioner argues that prejudice exists because the Supreme Court of Ohio refused to accept his untimely appeal and he is further prejudiced because Respondent is now arguing that he procedurally defaulted his claims instead of addressing the merits.  Petitioner's argument fails.  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).  Therefore, the Court finds that Grounds One, Two and Three are procedurally defaulted.

The Magistrate Judge determined that Petitioner never presented Grounds Four, Five and Six to the state courts.  As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.  28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Petitioner makes no effort to show cause for his failure to present the claims or to demonstrate actual prejudice.  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).  Petitioner's attempt to argue actual innocence in his Reply to Recommendation fails to satisfy the exhaustion requirement.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody because Grounds for Relief One, Two, and Three have been procedurally defaulted and Petitioner has failed to exhaust Grounds for Relief Four, Five and Six.

The Court finds an appeal from this decision could not be taken in good faith.  28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

*s/Christopher A. Boyko*
Date:1/6/2017                          CHRISTOPHER A. BOYKO
                                       United States District Judge